UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TERESA J. TAYLOR, | ) CASE NO. 1:08 CV 1470 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| PATT PASS, et al., | ) AND ORDER |
| Defendants. | ) |

On June 18, 2008, defendants Patt Pass and G C Services filed this action for removal from the Wayne County Court of Common Pleas Case No. 08CV 0208, a civil case filed by pro se plaintiff Teresa Jane Taylor on March 11, 2008. See Taylor v. Patt Pass, et al., No. 08cv0208 (Wayne Cty. Ct. Com. Pl. Mar. 11, 2008.) Defendants aver that this matter is properly removed to this court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. They maintain Ms. Taylor's complaint "purports to set forth a cause of action under 42 U.S.C. § 1983." (Not. Rem. at 1.) Attached to the complaint is a copy of the summons served upon and received by the defendants "on or after May 20, 2008."

A review of the complaint reveals that federal jurisdiction is absent here. To obtain

removal jurisdiction on the basis that an action arises under federal law, "the general rule is that the federal question must appear in the complaint well pleaded." 1A JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.160[3.-1], at 231 (1990). "A genuine and present controversy, not merely a possible or conjectural one, must exist ... and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank in Meridian, 299 U.S. 109 (1936). To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint. Palkow v. CSX Transp., Inc., 431 F.3d 543, 552 (6th Cir.2005) (citing Gully and Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)). If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. Id. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 398- 99(1987); see also Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 575 (7th Cir.), cert. denied, 459 U.S. 1049 (1982) ("a defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question").

The complaint in this case makes no mention of federal claims. Ms. Taylor seeks to recover for trespass, intentional infliction of emotional distress, and invasion of privacy. These are proper state causes of action. See, e.g.,Housh v. Peth 165 Ohio St. 35, 133 N.E.2d 340 (1956)("the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.") Removal jurisdiction is improper where the complaint does not plead a federal question, "unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state

claims, or that one or the other claim is 'really' one of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983) (holding removal to federal court improper even though defense to suit was that federal law (ERISA) preempted state claim and complaint anticipated such defense). Accord Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). While the factual allegations in this case might also support one or another federal cause of action, Ms. Taylor has not chosen this route and she is free to rely on state grounds. See Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 758 (2d Cir.), cert. denied, 479 U.S. 885 (1986); MOORE'S FEDERAL PRACTICE ¶ 0.160[3.-3], at 231-32.

Accordingly, this matter is remanded to the Wayne County Court of Common Pleas pursuant to 28 U.S.C. § 1447.

IT IS SO ORDERED.

*/s/ Donald C. Nugent* 7/9/08
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE